[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: [DEFENDANT'S] POST-JUDGMENT MOTION TO MODIFY UNALLOCATED ALIMONY AND CHILD SUPPORT AND LIFE INSURANCE (#165)
This court recently ruled on the defendant's prior Post-Judgment Motion to Modify Unallocated Alimony and Child Support #150. The court's Memorandum of Decision dated February 13, 2002 #158 is incorporated by reference. In ruling on that prior Motion to Modify the court did not find a substantial change in circumstances.
After considering the evidence presented in connection with this motion the court finds that there has been an increase in the plaintiff's income that constitutes a substantial change in circumstances. On the date of judgment of dissolution the plaintiff was employed as a substitute teacher for the New Haven Board of Education at a gross income of $233 per week and a net income of $207.08 per week. She is now employed as a pre-employment trainer for a church ministry at a salary of $25,500 a year which results in a weekly gross income of $490 a week and a net income of $434 a week. On the date of dissolution, the plaintiff's financial affidavit showed expenses of $765 per week. Her current affidavit shows expenses of $894.75 per week. This amount includes $186 per week for medical/dental expenses, which in fact is the cost of health insurance for the children that has yet to be obtained.
The judgment of dissolution entered on October 14, 1998 incorporated the separation agreement of the parties. Pursuant to that agreement, the defendant husband was ordered to pay unallocated child support and CT Page 4225 alimony in the amount of $500 per week for the plaintiff wife and two minor children until October 14, 2004; thereafter, the defendant was to pay alimony to the plaintiff in the amount of $250 per week. The child support guideline worksheet filed on the date of dissolution indicates a child support obligation for two children in the amount of $220.50 per week.
The court previously found, and finds here, that the defendant did not prove that his earning capacity has changed from what it was on the date of dissolution. The court has utilized the defendant's earnings as of the date of dissolution and the plaintiff's current earnings in preparing a child support guidelines worksheet utilizing the Finplan program. (Attached as Exhibit A). The guidelines indicate a current support amount for two children of $196 per week. The court finds that it was the intention of the parties that the defendant pay child support for his two minor children beyond the age of their majority and does not find cause to change the parties' agreement in that regard.
Since the parties chose to enter into an unallocated child support and alimony order at the time of their dissolution, the court will continue with such an order. The court has considered the provisions of § 46b-82
regarding alimony, as well as the recommended child support, and concludes that the defendant's present unallocated alimony and child support order should be modified to $350 per week. This order is retroactive to March 8, 2002, the date of service of the motion. All other provisions of the judgment remain in effect.
The court has considered the defendant's request to modify his obligations regarding life insurance contained in the Separation Agreement. The court does not find sufficient evidence to justify modification of those obligations.
Domnarski, J.
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mothe Father Custodian Angela Beasley Murray Stephen Beasley Murray MOTHER FATHER
OTHER CUSTODIAN
Court New Haven D.N. Case No. Number of Childre 2
Name of Child Date of Birth Name of Child Date of Birth CT Page 4226 Philip 3/7/82 Amanda 8/28/85
I. NET INCOME (Weekly amounts) Angela Stephen
1. Gross income (attach verification) $490 $864 2. Federal income tax (allowable exemptions, deductions cr 17 112 2a. Eliminate refundable earned income credit on line 2 0 0 3. State and local income tax (allowable exempt, deductions, c 2 0 4. Social Security tax 30 54 4a. Mandatory retirement 0 0 5. Medicare tax 7 13 6. Health insurance premiums (other than child) 0 0 7. Mandatory union dues or fees 0 0 8. Non-arrearage payments — court ordered alimony child su 0 0 9. Imputed support obligation for qualified child 0 0 (Current spt all children/total children X #qualified children) 10. Sum of lines 2-9 $ 56 $179 11. Net Income (line 1 minus line 10) $434 $685
II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $1,120 13. Basic child support obligation (from schedule) $ 321 14. Check here if noncustodial parent is a low-income obligor 15. Child's health insurance premium $ 0 $ 0 16. Total current spt obligation (line 13 minus noncustodial $ 321 parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases) 17. Each parent's share of line 12 (If line 14 is 38.84% 61.16% checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18) 18. Each parent's share of the total current support $125 $196 obligation (line 17 times line 16 for each parent) 19. Health insurance premium adjustment $ 0 20. Social Security dependency benefits adjustment $ 0 21. Sum of lines 19 and 20 (for each parent) $ 0 22. Presumptive current support amounts $196 23. Recommended current support order(Noncustodial parent $196 only. If different from line 22 amount, explain on line 47) CT Page 4227
III. UNREIMBURSED MEDICAL EXPENSE $ 0 $ 0
24. Net disposable income (line 11 plus line 23 for $630 $489 custodial parent; line 11 minus line 23 for noncustodial)
25. Each parent's share of combined net disposable 56.30% 43.70% income (each parent's line 24 divided by sum of line 24 amounts)
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on $ 0 $ 0 line 43)
V. ARREARAGE
27. Delinquencies on current support orders
28. Unpaid court-ordered arrearages 29. Support due for periods prior to support action (not court-ord 30. Total arrearages
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed $ 0 support obligation if there is no current support order or child is living with the obligor) 32. 20% of line 31 $ 0 — (if line 14 is checked, skip line 32 and go to line 37) — (if the child for whom the arrearage is owed is deceased, emancipated, or over 18, skip line 32 and go to line 39) — (if the child is living with the obligor, skip lines 33-39 and: (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40) 33. Obligor's line 11 amount $ 0 34. 55% of line 33 0 35. Line 34 minus line 31 0 36. Lesser of line 32 or line 35 (Enter here and on line 0 CT Page 4228 40 and support skip lines 37-39) 37. 10% of line 31 0 38. Greater of line 37 or $1 (Enter here and on line 40) 0 39. 50% of line 31 (Enter here and on line 40) 0 40. Recommended arrearage payment $ 0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $196 42. Unreimbursed medical expense orde $ 0 43. Child care contribution $ 0 To State To Family 44. Total arrearage $ 0 $ 0 45. Arrearage payment order $ 0 $ 0 46. Total child support award: $196
VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
 Prepared By Title of Preparer Date Prepared Domnarski J. Judge April 8, 2002